# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cv44

| | |
|---|---|
| JERRY DeBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| RELIANCE STANDARD LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is Defendant's Motions to Dismiss [# 7]. Plaintiff brought this case in the Superior Court of Mecklenburg County asserting claims for breach of contract and unfair or deceptive trade practices. Both claims arise out of Defendant's denial of his claim for benefits under an insurance policy. Defendant removed the case to this Court and then moved to dismiss the claims as preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Subsequently, Plaintiff filed an Amended Complaint asserting a claim for the payment of benefits under ERISA and a state law unfair or deceptive trade practices claim. Defendant then moved to dismiss the state law claim as preempted by ERISA. Plaintiff did not respond to Defendant's motion. The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss [# 7].

## I. Background

Plaintiff participated in a Group Accidental Death Insurance Policy (the "Policy") through his employer. (Pl.'s Compl. ¶ 6.) Defendant administered the Policy. (Id.) Upon the accidental death of a spouse, the Policy provides that Plaintiff shall receive a benefit of $300,000. (Id. at ¶ 7.)

In 2008, Plaintiff's spouse died from fentanyl toxicity. (Id. at 8.) A doctor had prescribed her fentanyl patches in order to treat the pain caused by her degenerative disc disease. (Id.) After her death, Plaintiff filed a claim with Defendant. Defendant denied the claim pursuant to a provision that states that the policy does not cover any loss "caused by, the Insured's being under the influence of any narcotic unless administered on the advice of a physician." (Id. at ¶¶ 11-17.) Specifically, Defendant stated that Plaintiff's spouse was not administering the fentanyl patches on the advice of her physician. (Id. at ¶ 16.) Plaintiff then brought this action for the payment of benefits under the Policy and for damages pursuant to North Carolina law. Defendant now moves to dismiss the state law unfair or deceptive trade practices act claim as preempted by ERISA.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th

Cir. 2009). In considering a defendant's motion, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III.   Analysis**

ERISA represents the attempt of Congress to provide a uniform federal regulatory regime over employee benefit plans. Aetna Health Inc. v. Davila 542 U.S. 200, 208, 124 S. Ct. 2488 (2004). In order to effectuate this federal regime, Congress included an expansive preemption provision within ERISA. Id. This provision provides that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. ¶ 1144(a).

It is undisputed that the Policy is an employee benefit plan within the meaning of ERISA. The question for the Court, therefore, is whether the state law claim asserted by Plaintiff "relates to" the Policy. "'A law 'relates to' an employee

benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Great West Life & Annuity Ins. Co. v. Info. Sys. & Networks Corp., 523 F.3d 266, 270 (4th Cir. 2008) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S. Ct. 2890 (1983)). Preemption is not limited to those state laws that are "specifically designed to affect employee benefit plans." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48, 107 S. Ct. 1549 (1987). And a plaintiff may not avoid the reach of ERISA by recasting his or her preempted claims as state law breach of contract or tort claims. Wilmington Shipping Co. v. New England Life Ins. Co. 496 F.3d 326, 341 (4th Cir. 2007).

Of course, the scope of ERISA preemption is not unlimited. Id.; Great-West, 523 F.3d at 270. Courts must look beyond the nebulous language of the statute and examine "the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 656. 115 S. Ct. 1671 (1995); see also Egelhoff v. Egelhoff, 532 U.S. 141, 147, 121 S. Ct. 1322 (2001). The Supreme Court has identified at least three categories of state law claims Congress intended ERISA to preempt: "(1) laws that 'mandate [ ] employee benefit structures or their administration"; (2) laws that bind employers or plan administrators to particular choices or preclude uniform administrative

practices; and (3) 'laws providing alternative enforcement mechanisms' for employees to obtain ERISA plan benefits." Wilmington Shipping, 496 F.3d at 342 (quoting Travelers, 514 U.S. 658-59, 115 S. Ct. 1671)); Great-West, 523 F. 3d at 270.

In Count II, Plaintiff alleges that Defendant's actions in processing and denying his claim for benefits under the Policy violated N.C Gen. Stat. § 58-63-10 and § 58-63-15, which regulate the business of insurance. See Middleton v. The Russell Group, Ltd., 483 S.E.2d 727, 742-43 (N.C. Ct. App. 1997). Plaintiff contends that these violations constitute unfair or deceptive practices pursuant to N.C. Gen. Stat. § 75-1.1. Courts, however, have consistently held that state law claims such as these are preempted by ERISA. See Wilmington, 496 F.3d at 342-44 (holding that North Carolina claims for unfair and deceptive trade practices preempted by ERISA); Eubanks v. Prudential Ins. Co. of Am., 336 F. Supp. 2d 521, 527 (M.D.N.C. 2004) (holding that claims that a defendant violated N.C. Gen. Stat. § 58-63-15, and that such violations constitute unfair or deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1, preempted by ERISA); Smith v. Jefferson Pilot Fin. Ins. Co. 367 F. Supp. 2d 839, 843-44 (M.D.N.C. 2005) (same); Ward v. Cigna Life Ins. Co. of New York, No. 1:09cv455, 2011 WL 862053 (W.D.N.C. Mar. 9, 2011) (Reidinger, J.) (collecting cases); see also Voelske v.

Mid-South Ins. Co., 572 S.E.2d 841, 844-45 (N.C. Ct. App. 2002); Middleton, 483 S.E.2d at 742-43. Likewise, Plaintiff's claim for damages for unfair or deceptive trade practices is preempted by ERISA. The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss [# 7] and **DISMISS** Count II in the Amended Complaint.

IV. **Conclusion**

The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss [# 7] and **DISMISS** Count II in the Amended Complaint. As only a single claim for benefits pursuant to ERISA remains, the Court also **RECOMMENDS** that the District Court **DISMISS** Plaintiff's request for a jury trial. See Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1007 (4th Cir. 1985).

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: May 10, 2011

Dennis L. Howell
United States Magistrate Judge